WILLIAM R. TAMAYO, SBN 084965
JONATHAN T. PECK, #12303 (VA)
MARCIA L. MITCHELL #18122 (WA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone No. (415) 625-5651
Fax No. (415) 625-5657
Marcia.Mitchell@eeoc.gov

**Attorneys for Plaintiff**

E-filing

FILED

SEP 3 0 2010

RICHARD W. WIEKING
NORTHERN U.S. DISTRICT COURT
DISTRICT OF CALIFORNIA

EDL

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**(OAKLAND DIVISION)**

CV 10 4412

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. |
| **Plaintiff,** | **COMPLAINT** |
| v. | **JURY TRIAL DEMAND** |
| REGIS CORP. dba SUPERCUTS CORPORATE SHOPS, INC., | |
| **Defendant.** | |

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Carolyn Sedar who was adversely affected by such practices. As set forth in this Complaint, Plaintiff alleges that Defendant, Regis Corporation dba Supercuts Corporate Shops, Inc. (hereinafter "Supercuts" or "Defendant") failed to accommodate Carolyn Sedar's sincerely held religious belief that Sundays are the Sabbath and a day of rest and worship, and that Defendant discharged her instead of providing the requested accommodation. The complaint also alleges, alternatively, that Defendant discharged Ms. Sedar in retaliation for opposing its refusal to accommodate her religious beliefs.

///

COMPLAINT                                                    1

1

**JURISDICTION AND VENUE**

2    1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343

3  and 1345. This action is authorized and instituted pursuant to Section 706(f)(l) and (3) of Title VII of

4  the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-5(f)(l) and (3) ("Title VII") and

5  Section 102 of the Civil Rights Act of 1991,42 U.S.C. §1981a.

6    2.    The unlawful employment practices alleged herein were and are now being

7  committed in the State of California, in the city of Pleasant Hill and the County of Contra Costa

8  within the jurisdiction of the United States District Court for the Northern District of California.

9  Venue is therefore proper in the United States District Court for the Northern District of California.

10

**INTRADISTRICT ASSIGNMENT**

11    3.    This action is appropriate for assignment to the Oakland Division of this Court as the

12  alleged unlawful practices were and are now being committed in Contra Costa County, which is

13  within the jurisdiction of the Oakland Division.

14

**PARTIES**

15    4.    Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC" or

16  "Commission"), is the agency of the United States of America charged with the administration,

17  interpretation and enforcement of Title VII, and expressly authorized to bring this action by Section

18  706(f)(l) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(l) and (3).

19    5.    Defendant Regis Corporation is a Delaware corporation, doing business under the

20  name Supercuts Corporate Stores, Inc. in the State of California, in the County of Contra Costa and

21  has continuously had at least 15 employees.

22    6.    At all relevant times, Defendant Regis Corporation has continuously been an

23  employer engaged in an industry affecting commerce, within the meaning of Section 701(b), (g), and

24  (h) of Title VII, 42 U.S.C. §2000e(b), (g), and (h).

25

26

27  / / /

28  / / /

**COMPLAINT**                    2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF

### Violation of Title VII: Religious Discrimination/Discharge

7.     More than thirty days prior to the institution of this lawsuit, Carolyn Sedar filed charges with the Commission alleging violations of Title VII by Defendant. The Commission has issued a Letter of Determination finding that Defendant failed to accommodate Carolyn Sedar's sincerely held religious belief that she should not work on Sunday and that this failure resulted in her termination in violation of Title VII. The Letter of Determination also found that Defendant retaliated against Ms. Sedar for opposing its refusal to accommodate her religious beliefs in violation of Title VII. Prior to instituting this lawsuit, the Commission attempted to eliminate the unlawful employment practices herein alleged and to effect voluntary compliance with Title VII through informal methods of conference, conciliation and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. Sections 2000e-5(b). All conditions precedent to the institution of this lawsuit have been fulfilled.

8.     Defendant has engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C §2000e-2, by failing to accommodate the sincerely held religious belief of Carolyn Sedar. In August 1999, when Carolyn Sedar was hired to work for Defendant as a stylist in Pleasant Hill, California she informed Defendant that she could not work on Sundays because of her religious belief that Sunday is a day of rest and worship. Defendant did not schedule her to work Sundays until November 2008. In November, 2008, upon learning that she had been scheduled to work on Sunday, Ms. Sedar notified Defendant that the schedule conflicted with her religious belief that Sunday should be a day of rest and worship and asked for the schedule to be changed. Defendant refused and continued to schedule her to work on Sundays under threat of discharge. When Ms. Sedar chose not to work on Sunday instead of violating her religious belief, Defendant terminated her employment.

9.     The effect of the practices complained of in paragraph 8 above has been to deprive Carolyn Sedar of equal employment opportunities and otherwise adversely affect her status as an employee because of her religion.

COMPLAINT                                    3

1    10.    The unlawful employment practices complained of in paragraph 8 above were and are
2    intentional.

3    11.    The unlawful employment practices complained of in paragraph 8 above were and are
4    being done with malice or with reckless indifference to the federally protected rights of Carolyn
5    Sedar.

6                            **SECOND CLAIM FOR RELIEF**

7                    **Violation of Title VII: Retaliation/Discharge**

8    12.    Plaintiff Commission hereby incorporates the allegations of Paragraphs 1 through 8
9    above as though fully set forth herein.

10    13.    Since at least November 2008, Defendant has engaged in unlawful employment
11    practices in violation of §704(a) of Title VII, 42 U.S.C. §2000e-3(a) by taking adverse employment
12    actions including but not limited to terminating Carolyn Sedar's employment in retaliation for
13    requesting religious accommodation and/or complaining about discrimination. In November 2008,
14    Carolyn Sedar complained both verbally and in writing that about Defendant scheduling her to work
15    on Sunday and informed Defendant that continuing to schedule her to work on Sundays was a
16    violation of Federal civil rights laws prohibiting discrimination based on religion. Defendant first
17    threatened to terminate Ms. Sedar's employment if she refused to work on Sundays, then fired her.
18    There was a causal connection between Ms. Sedar's complaints and opposition to discrimination and
19    the threats of termination and Ms. Sedar's ultimate discharge which establishes a retaliatory motive
20    for the termination.

21    14.    The effect of the actions complained of in Paragraphs 12 and 13 above has been to
22    deprive Carolyn Sedar of equal employment opportunities and otherwise adversely affect her status
23    as an employee because of her opposition to discrimination.

24    15.    The unlawful employment practices complained of in Paragraphs 12 and 13 above
25    were intentional.

26    16.    The unlawful employment practices complained of in Paragraphs 12 and 13 above
27    were done with malice or with reckless indifference to the federally protected rights of Carolyn
28    Sedar.

COMPLAINT                                    4

1

**PRAYER FOR RELIEF**

2  Wherefore, the Commission respectfully requests that this Court:

3      A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns,

4  and all persons in active concert or participation with it, from failing to accommodate its employees'

5  sincerely held religious beliefs, retaliating against employees who complain of discrimination, and

6  any other employment practice which discriminates on the basis of religion.

7      B.      Order Defendant to institute and carry out policies, practices, and programs which

8  provide equal employment opportunities for employees based on religion, and which eradicate the

9  effects of its past and present unlawful employment practices.

10     C.      Order Defendant to make whole Carolyn Sedar in amounts to be determined at trial,

11  including but not limited to back pay, reinstatement and/or front pay and to provide other affirmative

12  relief necessary to eradicate the effects of its unlawful employment practices.

13     D.      Order Defendant to make whole Carolyn Sedar by providing compensation for past

14  and future pecuniary losses resulting from the unlawful employment practices described in

15  paragraphs 8, 12 and 13 above, in amounts to be determined at trial.

16     E.      Order Defendant to make whole Carolyn Sedar by providing compensation for past

17  and future non-pecuniary losses, including but not limited to emotional pain, suffering,

18  inconvenience, mental anguish and loss of enjoyment of life, resulting from the unlawful practices

19  complained of in paragraph 8, 12 and 13 above, in amounts to be determined at trial.

20     F.      Order Defendant to pay Carolyn Sedar punitive damages for its malicious and

21  reckless conduct described in paragraphs 8, 12 and 13 above, in amounts to be determined at trial.

22     G.      Grant such further relief as the Court deems necessary and proper in the public

23  interest.

24     H.      Award the Commission its costs of this action.

25

26

27  / / /

28

**COMPLAINT**                                                5

1

## JURY TRIAL DEMAND

2

The Commission requests a jury trial on all questions of fact raised by its Complaint.

3

Dated:  9/29/10

4

5

Respectfully Submitted

6

P. DAVID LOPEZ,
General Counsel

7

JAMES LEE,
Deputy General Counsel

8

9

GWENDOLYN YOUNG REAMS,
Associate General Counsel

10

11

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
180 1 "L" Street, N. W.
Washington, D.C. 20507

12

13

By: _____

14

WILLIAM R. TAMAYO
Regional Attorney

15

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office

16

17

By: _____

18

JONATHAN T. PECK
Supervisory Trial Attorney

19

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office

20

21

By: _____

22

MARCIA L. MITCHELL
Senior Trial Attorney

23

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office

24

25

26

27

28

**COMPLAINT**

6