*E-Filed 9/12/11*

1   **WILLIAM R. TAMAYO, SBN 084965**
    **JONATHAN T. PECK, #12303 (VA)**
2   **MARCIA L. MITCHELL #18122 (WA)**
    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
3   **San Francisco District Office**
    **350 The Embarcadero, Suite 500**
4   **San Francisco, CA 94105-1260**
    **Telephone No. (415) 625-5651**
5   **Fax No. (415) 625-5657**
    **Marcia.Mitchell@eeoc.gov**
6
    **Attorneys for Plaintiff**
7
    **SEYFARTH SHAW LLP**
8   **Catherine M. Dacre (SBN 141988) cdacre@seyfarth.com**
    **Ari Hersher (SBN 260321) ahersher@seyfarth.com**
9   **560 Mission Street, 31st Floor**
    **San Francisco, CA 94105**
10  **Telephone No. (415) 397-2823**
    **Fax No. (415) 397-8549**
11
    **Attorneys for Defendant**
12

13              **UNITED STATES DISTRICT COURT**

14             **NORTHERN DISTRICT OF CALIFORNIA**

15

16  **EQUAL EMPLOYMENT**          **Case No. 3:10-cv-04412 RS**
    **OPPORTUNITY COMMISSION,**
17
                **Plaintiff,**           **CONSENT DECREE**
18          **v.**

19  **REGIS CORP. dba MINNESOTA**
    **REGIS CORP., SUPERCUTS**
20  **CORPORATE SHOPS, INC., a wholly**
    **owned subsidiary of REGIS CORP.**
21
                **Defendants.**
22

23

24  **I.      INTRODUCTION**

25          Plaintiff, the United States Equal Employment Opportunity Commission ("Commission")

26  commenced this action on September 30, 2010, pursuant to Title VII of the Civil Rights Act of 1964,

27  as amended, 42 U.S.C. 2000e, *et seq*. ("Title VII").  The Commission's action was brought to correct

28

alleged unlawful practices on the basis of religion. The Commission's First Amended Complaint alleged that Defendant, Supercuts Corporate Shops, Inc. ("Supercuts") failed to accommodate Carolyn Sedar's sincerely held religious belief that Sundays are the Sabbath and a day of rest and worship, and also alleged that Supercuts discharged her instead of providing an accommodation of her religious belief.   The First Amended Complaint also alleged that Supercuts retaliated against Ms. Sedar for opposing its refusal to accommodate her religious beliefs.  At all times Supercuts has denied Plaintiff's allegations and denied any violations of Title VII.

The EEOC and Supercuts want to conclude, fully and finally, all claims arising out of this action in order to reach an amicable resolution of this matter and to avoid expenditure of further resources and expenses in contested litigation.

## II.    NON-ADMISSION OF LIABILITY

This consent decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission of a violation of Title VII by Supercuts.  This Consent Decree does not affect any administrative charges of discrimination that may be pending with the Commission, other than those mentioned expressly herein, or any cases pending in court other than the instant lawsuit.

The Court has reviewed the terms of this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves the Consent Decree in its entirety.

Therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

## III. GENERAL PROVISIONS

A.    This Court has jurisdiction over the subject matter and the parties to this action.

B.    This Consent Decree constitutes a full resolution of the Commission's Complaint and First Amended Complaint in Case No. 3:10-cv-04412 RS and the charge filed with the Commission by Carolyn Sedar alleging discrimination on the basis of religion, 555-2009-00161 ("Charge").

C.      This Consent Decree shall become effective upon its entry by the Court.

D.      Each party shall bear its own costs and attorney fees.

## IV.    __INDIVIDUAL RELIEF__

A.      Within fourteen (14) calendar days after this Consent Decree has been entered by the Court and Carolyn Sedar has fully executed a release and waiver of her claims of religious discrimination and retaliation subject to the provisions in paragraph IV(B) below, Supercuts will pay Carolyn Sedar the amount of $43,500.00 (Forty-Three Thousand Five Hundred Dollars and No Cents), apportioned as follows:

(1)     Supercuts will pay Carolyn Sedar $20,000.00 (Twenty Thousand Dollars and No Cents) as wages subject to taxes and withholding, as to which an IRS Form W-2 will issue;

(2)     Supercuts will pay Carolyn Sedar $23,500.00 (Twenty Three Thousand Five Hundred Dollars and No Cents) attributable to emotional distress, as to which an IRS Form 1099 will issue;

(3)     Supercuts shall mail the payments directly to Carolyn Sedar at her home address via certified mail, return receipt requested.  The EEOC will send confirmation of Carolyn Sedar's address to Supercuts' attorneys of record within five (5) days after this Consent Decree has been entered by the Court. Within ten (10) calendar days thereafter, Supercuts shall mail a copy of the check and certified mail receipt to Marcia L. Mitchell, Senior Trial Attorney, Equal Employment Opportunity Commission, 350 The Embarcadero, Suite 500, San Francisco, California, 94105.

B.      Supercuts will not condition Carolyn Sedar's receipt of monetary relief on Carolyn Sedar's agreement to: (1) release and waive any claims or issues other than those raised in the Commission's complaints in this action or the Charge filed by Carolyn Sedar; (2) waive her statutory right to file a charge with any federal or state anti-discrimination agency for causes of action other than religious discrimination and retaliation; or (3) waive her right to apply for a position with Supercuts.

CONSENT DECREE                                    3.

C. Supercuts will give a neutral reference to any potential employers of Carolyn Sedar who request a job reference. All requests for reference must be directed to:

Katie Riordan

Regis Corporation

7201 Metro Boulevard, Minneapolis, MN 55439

Telephone: 952-947-7385

Fax: 952-947-7330

Any such neutral reference shall be identical to the form reflected in Exhibit A, attached hereto. No mention of the charge of discrimination filed with the Commission or this action will be made as part of the neutral reference.

## V. INJUNCTIVE RELIEF

### A. Religious Discrimination

Supercuts, its officers, agents, employees, and all persons acting in concert with Supercuts are enjoined from engaging in discrimination based on religion and from failing to reasonably accommodate the sincerely held religious beliefs of any employee unless doing so would cause an undue hardship on Supercuts' business.

### B. Retaliation

Consistent with  Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), Supercuts, its officers, agents,  successors or assigns, and all those in active concert or participation with them is enjoined from engaging in retaliation of any kind against any person because such person:

(1)  opposed any practice made unlawful under Title VII;

(2)  contacted, or filed a charge of discrimination with, the EEOC or a state agency in relation to Title VII, or testified, assisted or participated in any manner in any Title VII-related investigation, proceeding, or hearing;

CONSENT DECREE                                         4.

(3)   participated in any manner in this action or in the EEOC investigation giving rise to this action;

(4)   participated in an internal investigation related to alleged violations of Title VII or;

(5)   asserted any rights under this Consent Decree.

## VI.   EQUAL EMPLOYMENT OPPORTUNITY AND DISCRIMINATION POLICIES

A.      Supercuts will maintain its Religious Accommodation Policy and its accompanying Forms 1 & 2 (Revised 2/08) regarding its commitment to provide reasonable accommodation for employees' religious observances and requirements, including a system of open communication between employees and Supercuts to discuss and take action to reasonably accommodate its employees' needs.

B.      Supercuts will retain the policies described in paragraph VI(A) above throughout the duration of this Decree.

C.      If Supercuts revises its policies at any time during the term of this Decree, it will mail a copy of the revised policy to the EEOC within thirty (30) days of its adoption.

## VII.   TRAINING

A.      Within ninety (90) days of entry of this Decree, Supercuts shall provide religious accommodation awareness training for all employees working in its store locations identified on Exhibit B according to the following terms:

(1) Training for managers, including regional managers, area supervisors, and salon managers will be provided by Supercuts' Corporate Counsel, Katherine Merrill, or a labor and employment specialist with at least 10 years experience and who has familiarity with the religious accommodations provisions of Title VII.  This training will last at least three (3) hours.

(2) The labor and employment specialist will use the Commission's Compliance Manual, Section 12, Religious Discrimination, to conduct the training.  A copy of the Commission's

CONSENT DECREE                                    5.

Compliance manual is available at: www.eeoc.gov/policy/docs/religion.html.

(3) The training topics for all employees will include, among other things, the definition of religion under Title VII, an explanation of what constitutes a sincerely held religious belief under Title VII, a description of prohibited conduct under Title VII, an explanation of religious accommodation, and an explanation of common methods for providing religious accommodation in the workplace. Management employees will receive additional training regarding employer liability and employer best practices.

(4) The training will include a discussion of the policy for requesting religious accommodation as outlined in Paragraph VI above, and will include examples of reasonable accommodation.

(5)  Hourly employees in the store locations listed on Exhibit B (excluding salon managers) will be trained by Supercuts' Salon Director and/or a Regional Manager who has completed the training for managers described in paragraphs VII(A)(1) through (4) above. The training session will be at least one hour.

(6) Supercuts will require all attendees to sign and date an attendance form.

(7) Supercuts will repeat this training annually for the duration of this Consent Decree.

**VIII.   <u>NOTICE</u>**

Supercuts shall continue to post the notice (poster) required by Title VII.  This notice shall be conspicuously posted at facilities identified on Exhibit B.  In addition, Supercuts shall post the Notice attached to this Decree as Exhibit C at the facilities identified in Exhibit B.  This Notice shall be posted at a location that is conspicuous and accessible to all applicants and employees, for the duration of this Decree (commencing within twenty-one (21) days after entry of this Decree by the Court).  Should the Notice become defaced, marred, or otherwise made unreadable, Supercuts will ensure that new readable copies of the Notice are posted in the same manner as specified herein.

CONSENT DECREE

## IX.    <u>REPORTING REQUIREMENTS</u>

A.    Supercuts will provide two reports to the Commission during the term of the Decree. Supercuts will submit the first report 12 months after entry of the Decree and the second report 23 months after entry of the Decree as follows:  Each report will describe all requests for religious accommodation at store locations listed on Exhibit B, describe the accommodation(s) offered to the employee and explain whether employee accepted or declined to accept the accommodation(s) or, if no accommodation was offered, describe each and every reason an accommodation was not offered.

B.    Within sixty (60) days of entry of this Decree, Supercuts will mail copies of the policies described in paragraph VI(A) above to the Commission.

C.    Within sixty (60) days of entry of this Decree, Supercuts will send the EEOC certification that the Notice required by paragraph VIII, above, has been posted.

D.    Within thirty (30) days of completion of the training required by paragraph VII, above, Supercuts will send a report to the Commission describing the training of supervisors, managers and hourly employees on religious discrimination prohibited by Title VII, as amended. Supercuts will submit to the Commission copies of the training attendance forms required by paragraph VII(A)(6), above.

E.    All submissions required under the "Reporting Requirements" provisions of this Decree shall be sent to Marcia Mitchell, Senior Trial Attorney, EEOC San Francisco District Office, 350 The Embarcadero, Suite 500, 94105.

## X.    RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE

This Consent Decree shall terminate two (2) years from the date of entry by the court unless the Commission petitions this court for an extension of the Decree because of noncompliance by Supercuts. If the Commission determines that Supercuts has not complied with the Consent Decree, the Commission will provide written notification of the alleged breach to Supercuts and will not

petition the court for enforcement sooner than thirty (30) days after providing written notification. The thirty (30) day period following written notice shall be used by the parties for good faith efforts to resolve the issue. If the Commission petitions the court and the court finds Supercuts to be in substantial violation of the terms of the Decree, the court may extend the duration of this Consent Decree.

This Court shall retain jurisdiction over this action for the purposes of enforcing the provisions of this Consent Decree.

IT IS SO ORDERED THIS __12th__ DAY OF __September__ 2011.


HON. RICHARD SEEBORG
U.S. DISTRICT COURT JUDGE

DATED: __September 9, 2011__        BY: __//s//William Tamayo_____
                                              WILLIAM TAMAYO


DATED: __September 9, 2011__        BY: __//s// Jonathan Peck_____
                                              JONATHAN PECK


DATED: __September 9, 2011__        BY: __//s// Marcia L. Mitchell_____
                                              MARCIA L. MITCHELL
                                              EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
                                              Attorneys for Plaintiff EEOC

DATED: __September 9, 2011__        BY: __//s// Catherine Dacre_____
                                              CATHERINE DACRE
                                              ARI HERSHER
                                              SEYFARTH SHAW LLP
                                              Attorney for Defendant Supercuts Corporate Shops, Inc.

CONSENT DECREE                                    8.

**Exhibit A**

**NEUTRAL REFERENCE**

To Whom It May Concern:

This letter is in response to your inquiry regarding Carolyn Sedar's employment at Supercuts Corporate Shops, Inc.

Ms. Sedar began working for Supercuts in August 1999 and was last employed by Supercuts in November 2008. While employed at Supercuts, Ms. Sedar satisfactorily performed her job.

I hope this information is helpful and that it answers your inquiry.

Sincerely,

Supercuts Corporate Shops, Inc.

CONSENT DECREE                                        9.

**EXHIBIT B**

**STORES COVERED BY CONSENT DECREE**

| | | | |
|---|---|---|---|
| (1) PLEASANT HILL PLAZA | 55 CRESCENT DR STE B | PLEASANT HILL | CA |
| (2) BLACKHAWK SHOPPING CTR | 11000 CROW CANYON RD, STE C | DANVILLE | CA |
| (3) IRON HORSE PLAZA | 441 RAILROAD AVE | DANVILLE | CA |
| | 3586 MOUNT DIABLO BLVD | LAFAYETTE | CA |
| | 50 GOLF CLUB RD | PLEASANT HILL | CA |
| (4) CROW CANYON COMMONS | 3191 CROW CANYON | SAN RAMON | CA |
| (5) SHOPS AT BISHOP RANCH | 150 SUNSET DR | SAN RAMON | CA |
| (6) ALAMO PLAZA | 3000 DANVILLE BLVD, STE C | ALAMO | CA |
| | 1434 N MAIN ST | WALNUT CREEK | CA |

CONSENT DECREE

**EXHIBIT C**

**NOTICE TO ALL COMPANY EMPLOYEES**

1.      This Notice to all employees of Supercuts Corporate Shops, Inc. ("Supercuts") is being posted as part of the remedy agreed to between Supercuts and the United States Equal Employment Opportunity Commission in settlement of a complaint that Supercuts failed to accommodate an employee's sincerely held religious belief, *EEOC v. Regis Corp. dba Minnesota Regis Corp., Supercuts Corporate Shops, Inc.* (Case Number 3:10-cv-04412 JS).. Supercuts denies the allegations in their entirety.  Nevertheless, Supercuts has agreed to ensure that its policies include instructions for requesting, documenting, and, as appropriate, granting religious accommodation.  Supercuts has also agreed to provide additional training on religious accommodation for its employees.

2.      Federal law requires an employer to maintain a workplace free from discrimination based on religion, as well as race, sex (gender), color, national origin, age (40 or older), or disability with respect to terms and conditions of employment. It is a violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e, et seq., to refuse reasonable accommodation of an applicant's or employee's sincerely held religious belief, unless doing so creates an undue hardship on its business operations.

3.      Supercuts does not tolerate or condone discrimination based on religion regarding any employee or applicant for employment. Religious discrimination is a violation of company policy as well as federal law. Violation of this company policy by anyone employed by Supercuts will result in disciplinary action up to and including termination.

4.      The posting of this Notice by Supercuts does not constitute an admission by Supercuts of any liability under Federal law.

5.      This notice will remain posted for two years from the date below and must not be altered, defaced, or covered by any other materials. Any questions about this Notice of compliance with its terms may be directed to _____.

6.      If you believe you have been discriminated against, you have the right to seek assistance from:

U.S. Equal Employment Opportunity Commission
Oakland Local Office
1301 Clay Street, Suite 1170-N
Oakland, CA 94512
Telephone: 510 637-3230
Website: www.eeoc.gov

SIGNED this _____day of_____ , 2011.          _____
                                                                            *Name, Title*

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

CONSENT DECREE                                          11.

13717487v.1